UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NATHAN P. GOLDSTEIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-11283-ADB |
| | * | |
| UNITED TRAFFIC CONTROL, INC., | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On August 8, 2022, Plaintiff Nathan P. Goldstein ("Plaintiff") brought suit against Defendant United Traffic Control, Inc ("United Traffic") for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Relations Management Act. [ECF No. 1 ("Compl") ¶¶ 20–26]. Currently before the Court is Plaintiff's motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). [ECF No. 15]. Plaintiff seeks a judgment in the amount of $138,858.36 consisting of: (1) $79,114.12 in unpaid contributions, (2) $6,725.89 in prejudgment interest on delinquent contributions, (3) $15,822.82 in liquidated damages, and (4) $37,195.53 in attorneys' fees and costs. [Id. at 1]. For the reasons stated below, the motion is **GRANTED**.

On April 21, 2023, the clerk entered a default as to United Traffic after it failed to answer or otherwise respond to the complaint. [ECF Nos. 9, 11]. Plaintiff then filed the instant motion

and supporting memorandum and declarations on May 19, 2023, [ECF Nos. 15–19], and on May 22, 2023, he filed, under seal, a letter summarizing his counsel's billing records, [ECF No. 20].

First, although Plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), this motion is more properly evaluated under Rule 55(b)(2). Federal Rule 55(b)(1) provides:

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, Plaintiff must utilize Rule 55(b)(2) because his request for attorneys' fees "prevents the clerk from entering a judgment under Rule 55(b)(1)," as the reasonableness of the attorneys' fees requires judicial review. Int'l Union of Operating Eng'rs, Loc. 4 v. Stanley Excavation, 243 F.R.D. 25, 27 n.5 (D. Me. 2007) (quoting 10A C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice & Procedure § 2683 (1998)). Further, "[i]f the plaintiff is seeking both a sum certain . . . and damages that require judicial determination under Rule 55(b)(2), the entire matter, including the sum certain, must be determined under Rule 55(b)(2)." Id. (citing Conetta v. Nat'l Hair Care Ctrs., Inc., 186 F.R.D. 262, 268 (D.R.I. 1999)).

By defaulting, United Traffic conceded the truth of the factual allegations in the complaint. See In re Home Rests, Inc., 285 F.3d 111, 114 (1st Cir. 2002) (citing Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999); Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985)). Notably, United Traffic admitted that it failed to pay contributions on behalf of its covered employees, [Compl. ¶¶ 21, 26], which is an ERISA violation, 29 U.S.C. § 1445. Plaintiff is therefore entitled to the unpaid contributions,

prejudgment interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

With respect to unpaid contributions, pre-judgment interest and liquidated damages, the Court finds that the sums requested by Plaintiff are supported by their submissions. See [ECF Nos. 15–17]. As to attorneys' fees and costs, the Court also finds that the sum requested, $37,195.53, is reasonable and supported by Plaintiff's filings. See [ECF Nos. 18, 20]. The Court reaches this conclusion based on its general knowledge of litigation costs, billing rates charged by Boston-area attorneys, and the legal work required in this case.[1]

Thus, Plaintiff's motion for default judgment, [ECF No. 15], is GRANTED. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court will enter judgment in Plaintiff's favor against United Traffic in the amount of $138,858.36, which consists of:

1. $79,114.12 in unpaid contributions;
2. $6,725.89 in pre-judgment interest;
3. $15,822.82 in liquidated damages;
4. $36,365.00 in attorneys' fees; and
5. $830.53 in costs.

**SO ORDERED.**

July 19, 2023                                                                 /s/ Allison D. Burroughs
                                                                              ALLISON D. BURROUGHS
                                                                              U.S. DISTRICT JUDGE

---

[1] The Court is not required to conduct a hearing and declines to do so. See Fed. R. Civ. P. 55(b)(2) ("The court *may* conduct hearings or make referrals . . . ." (emphasis added)).